**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
OCT - 2 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

FILED
AUG 01 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEARS LIFE INSURANCE COMPANY, | No. 05-35215 |
| Plaintiff - Appellee, | D.C. No. CV-04-00076-RRB |
| v. | |
| ANDREW G. MATSON, SR.; MARILYN FORTUNE; TEDDY MATSON; ANDREW MATSON, JR.; MATT MATSON; LAURA CHRISTENSEN; DENNIS MATSON; EMIL MATSON; and ESTATE OF LENA IRENE MATSON, | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 27, 2006**
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*  This panel unanimously finds this case suitable for decision without oral argument. See FED. R. APP. P. 34(a)(2).

Appellants, as the surviving husband and children of Lena Irena Matson, seek additional life insurance benefits from appellee, Sears Life Insurance Co. ("Sears"). We affirm the district court's grant of summary judgment in favor of Sears.

Under Alaska law, insurance policies are construed "to give effect to the insured's reasonable expectations." *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222 (Alaska 2000). The insured's reasonable expectations "'will be honored even though painstaking study of the policy provisions would have negated those expectations.'" *Id.* (quoting *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1295 (Alaska 1994)). The insured's reasonable expectations are determined by "examin[ing] (1) the language of the disputed policy provisions; (2) the language of other provisions in the same policy; (3) extrinsic evidence; and (4) case law interpreting similar provisions." *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000) (citing *Bering Strait*, 873 P.2d at 1295).

The life insurance policy, taken as a whole, does not support appellants' reading of the disputed provision. Appellants argue that the disputed provision refers to the amount of benefit that *each* person in the listed categories — Primary Insured, Spouse, and Each Child — is due to receive upon the death of any insured.

2

In other words, appellants argue that the policy pays out multiple benefits upon the qualifying death of a single insured.

The language of the provision does not support appellants' interpretation. Under appellants' reading, upon the death of an insured, this provision would require payment directly to an insured decedent. Payments cannot, however, be made to a decedent, only to a decedent's estate or beneficiaries.

The language of other relevant policy provisions also does not support appellants' interpretation. First, although the term "beneficiary" is not defined in the policy, the policy both prescribes a default order of payment and informs the insured that the beneficiary may be changed at any time. No language in the policy limits who may be designated as a beneficiary. The language of these provisions clearly demonstrates that death benefit payments are to be made to beneficiaries in a predesignated order, unless otherwise indicated by the Primary Insured. Under appellants' construction, there would be no need to determine the order of payout, because appellants imagine simultaneous payout to each category of person listed in the disputed provisions, nor would there be any way to determine the amount due to a designated beneficiary who did not fall within the categories of "Primary Insured," "Spouse," or "Each Child." To interpret the policy as appellants suggest would require ignoring these relevant provisions. *See Bering Strait*, 873 P.2d at

3

1295 (examining "the policy as a whole" to determine reasonable expectations of insured).

Appellants point to a single additional provision to support their interpretation. That provision states: "[a]lso if you [the Primary Insured] die, your spouse automatically becomes the Primary Insured and will be entitled to the higher Primary Insured benefit for any covered Loss in an accident that occurs after your death." As appellants read it, under this provision, in conjunction with the disputed provision, "it is the Primary Insured who is *entitled to* the higher primary benefit, i.e., $ 1,000,000[,]" and thus for the qualifying death of any person covered under the policy, the spouse turned "Primary Insured" receives the $1,000,000 benefit. To accept this construction, however, would again require us to ignore other provisions of the policy. The awkward crafting of this single provision does not lead us to the wholesale conclusion that appellants' interpretation is reasonable. *See Dugan v. Atlanta Cas. Cos.*, 113 P.3d 652, 655 (Alaska 2005) (noting that despite "sloppy and careless" drafting of the insurance policy, "[i]t is well settled that in 'situations in which reasonable interpretation favors the insurer, and any other would be strained and tenuous, no compulsion exists to torture or twist the language of the contract'" (quoting *Ness v. Nat'l Indem. Co. of Neb.*, 247 F. Supp. 944, 947 (D. Alaska 1965))).

We AFFIRM the district court's grant of summary judgment in favor of appellee and AFFIRM the district court's denial of appellants' motion to reconsider.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 2 8 2006

by: _____
Deputy Clerk